JOHN H. WEBSTER *versus* ASAEL W. CALDEN.

To enable the plaintiff in a real action, claiming under a mortgager of the premises in controversy, to give in evidence the declarations of the mortgagee under whom the defendant claims, in relation to the payment of the mortgage, — he must show that the mortgage note, payable on demand, &c., bearing an indorsement in blank, was not indorsed before maturity, or that it was in the hands of the mortgagee when the declarations were made.

Exceptions to the exclusion of certain declarations offered cannot be sustained; unless their materiality to some issue in the case is shown.

If the administrator of the estate of a deceased mortgagee of land in controversy, consent that the legal owner of the mortgage note may go into

possession of the mortgaged premises, and the latter, by himself, or agent, thereupon take possession thereof, he will, in law, be deemed in possession under the authority of the administrator.

ON EXCEPTIONS.

WRIT OF ENTRY to recover possession of Spaulding Island, situated in the Kennebec river, in Norridgewock. Writ dated Aug. 29, 1865. Plea, general issue, with the following brief statement : —

That he is in possession of the demanded premises under the authority of John W. Sawtelle, administrator of Thomas Spaulding, in whom, as administrator of said Spaulding, the legal title to said premises is vested in fee and in mortgage ; that William M. Mann, under whom the demandant claims to derive title, conveyed said premises in fee and mortgage to said Thomas Spaulding, to secure payment of the amount of a note described in said mortgage. That this defendant, before the death of said Spaulding, purchased said note of said Spaulding, who duly indorsed and transferred the same to him. That, after the death of said Spaulding, said John W. Sawtelle was duly appointed his administrator, and, by virtue of his authority as such, became seized of the legal title under said mortgage in trust for this defendant, he being the legal owner of said note, and the equitable owner of said mortgage ; and said Sawtelle duly authorized this defendant to take possession of the demanded premises under said mortgage, as he legally might do ; and this defendant, acting under the authority of said Sawtelle's legal title, and of his own equitable title, took possession of said premises, and thus holds the same under his own title and under that of said Sawtelle. And this defendant therefore alleges and claims that his right to the possession of the demanded premises is prior to, and superior to, any supposed or alleged title of said demandant.

The plaintiff introduced testimony tending to show that one A. A. Mann commenced carrying on the island in controversy, about the year 1853, and continued to do so until

1863; and that he made a levy upon the premises in March, 1864, by virtue of an execution in his favor against A. A. Mann; after proving the death of William M. Mann, the plaintiff put in letter of guardianship to one James Trench, of the minor heirs of William M. Mann; inventory of the estate; license to sell the real estate, including the island, dated March, 1864, together with the bond on such license; guardian's return of the license; guardian's deed to the plaintiff, dated April 16, 1864, acknowledged and recorded April 18, 1864.

The plaintiff testified that he took possession of the island, latter part of April, or first of May, 1864, and continued in possession until July 9, 1865.

The defendant put in a deed of the premises, dated Nov. 8, 1853, and recorded, from Thomas Spaulding to William M. Mann; mortgage deed of the same premises of same date and record from William M. Mann to Thomas Spaulding; note of William M. Mann to Thomas Spaulding, same date as mortgage, for $200 on demand, indorsed in blank by the payee and bearing two indorsements of money, dated Nov. 9, 1854, and January 13, 1855, respectively; letter of administration, dated Feb. 4, 1862, on the estate of Thomas Spaulding, to John W. Sawtelle; deed of quitclaim (" of Spaulding island, same conveyed to me by A. A. Mann,") dated Sept. 11, 1862, and recorded 16th Sept., from H. D. Frost to the plaintiff; and deed of warranty, dated July 14, 1860, recorded Sept. 1, following, from Obadiah Mann to H. D. Frost.

The defendant also introduced testimony tending to prove the allegations in his brief statement, of which was the testimony of *John W. Sawtelle*, who testified, substantially, that Thomas Spaulding, and his father before him, once owned the island; that witness was administrator of the former's estate; that, in the spring or early summer of 1864, A. A. Mann applied to witness for authority, under him as administrator, to take possession of the island, and that witness granted the request; that Mann said, at the time, he

applied as agent of the defendant. On cross-examination, he testified that he found neither the mortgage or note among Spaulding's papers.

After the testimony was all in, the following questions were submitted to the jury: —

" Was the defendant Asael W. Calden, when this action was brought, Aug. 29, 1865, holding the demanded premises under the authority and permission of John W. Sawtelle as administrator of Thomas Spaulding, the original mortgagee? Was said defendant, at that time, the holder of the note described in the mortgage from William M. Mann to Thomas Spaulding?" To both of which questions the jury returned an affirmative answer.

Thereupon, the parties agreed to report the case, including the special findings, for the consideration of the full Court, to enter such judgment, upon so much of the foregoing evidence as is legally admissible, as law and evidence should require.

In the course of the trial, plaintiff offered evidence of statements made by Amos A. Mann and William M. Mann, made when both said they were returning from the disputed territory, though he stated he did not know of his own knowledge whether they were returning from the Island during Amos A. Mann's occupancy of it, relative to Amos' title to and interest in it, and the Court excluded them.

In his charge to the jury, the Court instructed them that, in finding their verdict, they should not consider the evidence of Spaulding's statements, that the mortgage had been paid up, as testified by Morse, that testimony having been excluded on the ground that it did not appear that Spaulding was the owner or in possession of the note when the statements were made.

He also instructed them that, if the administrator of Spaulding consented to the defendant's going into the possession of the premises, and the defendant, by himself or agent, went into possession thereupon, he would in law be

deemed in possession under the authority of the adminis-trator.

To which rulings the plaintiff excepted.

*Webster, pro se*, elaborately argued the following propo-sitions.

1. The defendant derived whatever interest he had to the Mann mortgage and note as late as July 14, 1860.

2. No evidence that the condition of the mortgage had been broken.

3. The declarations of Spaulding, in relation to the pay-ment of the mortgage, were erroneously withdrawn from the jury. 1 Greenl. on Ev., §§ 189, 190; *Hatch* v. *Dennis*, 10 Maine, 249; *Shirley* v. *Todd*, 9 Maine, 83; *Lanathan* v. *Patten*, 39 Maine, 142; *Bond* v. *Fitzpatrick*, 4 Gray, 89; *Church in Brattle Square* v. *Bullard*, 2 Met., 363; *Cilley* v. *Bartlett*, 19 N. H., 323; *Jackson* v. *Bard*, 4 Johns., 230; *Jackson* v. *Myers*, 11 Wend., 533; *Padgett* v. *Lawrence*, 10 Paige, 180; *Pitts* v. *Wilder*, 1 N. Y., 526; *Merrill* v. *Foster*, 33 N. H., 379; *Fellows* v. *Fellows*, 37 N. H., 75; *Davis* v. *Spooner*, 3 Pick., 284; *Morgan* v. *Lawrence*, 10 Met., 754; *Carver* v. *Jackson*, 4 Peters, 1.

4. That the note was paid before breach, and before any pretended interest in it was obtained by the defendant.

5. If the note were not paid, there is no evidence that the defendant had any interest in it or in the mortgage.

6. The last instruction was erroneous; 1, upon the hy-pothesis stated in giving it; and, 2, not applicable to the facts proved.

7. The defendant, claiming nothing but an equitable title, cannot set that up as a bar to the plaintiff's legal title. R. S., c. 73, § 8; c. 111, § 1; *Jackson* v. *Chase*, 2 Johns., 84; *Jackson* v. *Pierce*, 2 Johns., 221; *Sinclair* v. *Jackson*, 8 Cow., 543; *Jackson* v. *VanSlyck*, 8 Johns., 488; *Crane* v. *Crane*, 4 Gray, 323; *Moore* v. *Spellman*, 5 Denio, 225; *Bunyan* v. *Mersenion*, 1 Johns., 534; *Hitchcock* v. *Harrington*, 6 Johns., 290; *Coles* v. *Coles*, 15 Johns., 319; *Astor* v. *Miller*, 2 Paige, 68; same v. *Hoyt*, 5 Wend.,

603; *Blaney* v. *Bearce*, 2 Maine, 132; *Wilkins* v. *French*, 20 Maine, 111; *Upham* v. *Bradley*, 17 Maine, 423; *Vose* v. *Handy*, 2 Maine, 321; *Prescott* v. *Ellingwood*, 23 Maine, 34.

8. The mortgagee never having been in possession, payment, if made after forfeiture, revests the entire seizin in the mortgager. R. S., c. 90, § 26; c. 90, §§ 9, 14; *Whitcomb* v. *Simpson*, 3 Maine, 21; *Holman* v. *Bailey*, 3 Met., 55; *Stewart* v. *Crosby*, 50 Maine, 130; *Bank* v. *Drummond*, 5 Mass., 321; Co. Lit., 218, § 350.

9. The mortgage having been paid to Spaulding in his lifetime, if any seizin did remain in him at his death, it descended to his heirs, and his administrator had no control over it. 8 Mass., (Sup.,) 557; *Parsons* v. *Welles*, 17 Mass., 421; Stat. of 1789, Feb. 11, §§ 1, 2, 3. This statute being in derogation of the common law, to be construed strictly. Mortgages have words of inheritance.

*Johnson* v. *Bartlett*, 17 Pick., 477; *Crooker* v. *Jewell*, 31 Maine, 306; *Webber* v. *Webber*, 6 Maine, 127.

*D. D. Stewart*, for the defendant.

APPLETON, C. J. — The plaintiff claims title under William M. Mann, and that he entered into possession of the island in controversy, in April or May, 1864, and retained possession until July, 1865.

It is in proof that William M. Mann, on the 9th of Nov., 1853, mortgaged the demanded premises to one Thomas Spaulding, to secure a note given by him to said Spaulding for two hundred dollars, payable on demand with interest, of the same date as the mortgage.

Thomas Spaulding deceased, and John W. Sawtelle was appointed administrator on his estate, Feb. 4, 1862.

The tenant produces the note of Mann to Spaulding, indorsed, and justifies his entry under a verbal license from the administrator of Spaulding, the mortgage having never been assigned, though in the possession of the tenant.

The plaintiff offered evidence of the declarations of Spauld-

ing, made in 1855, to the effect that the mortgage had been paid up. This evidence was excluded and the question presented is whether it was rightfully so excluded.

It is a general presumption of law that indorsed paper is indorsed before its maturity. The party who denies this is bound to prove it, and, without such proof, he cannot be let into the equities of his defence. 2 Parsons on Notes and Bills, 9; *Hutchinson* v. *Moody*, 18 Maine, 393. The plaintiff having failed to negative this, was not entitled to offer in evidence the declarations of Spaulding. He should have shown that the note was not indorsed before maturity, or was in his hands at the time the declarations offered were made. This he has failed to do. They were therefore properly excluded.

The statements made by Amos A. Mann and William M. Mann, made when they said they were returning from the disputed territory, relative to Amos' title and interest in it, were properly excluded. It does not appear that they were relevant or material. Both were admissible witnesses and their declarations are mere hearsay.

When a mortgagee is dead, the proceedings to foreclose must be in the name of his executor or administrator. The lands mortgaged are assets in their hands before foreclosure, and "when they recover seizin and possession thereof, it shall be to the use of the widow and heirs, and devisees or creditors of the deceased, as the case may be." R. S., 1857, c. 90, §§ 10 and 11. If nothing is due on the mortgage, no action can be maintained to obtain possession of the mortgaged premises, § 10. An administrator of a mortgagee of real estate, who has obtained judgment and possession by foreclosure, can maintain trespass against the heir at law of the mortgagee for cutting wood on the mortgaged premises. *Palmer* v. *Stevens*, 11 Cush, 147. A mortgagee's title vests, on his decease, in his administrator or executor, and a quitclaim by the heir at law before foreclosure conveys no title to his grantee. *Taft* v. *Stevens*, 3 Gray, 506.

Where a mortgage is given to secure one or more notes, and the note or notes is transferred without the mortgage, the mortgagee holds the mortgaged estate in trust for the payment of all the notes it was given to secure. *Moore* v. *Ware*, 38 Maine, 496. In case of death, the mortgage vests in the administrator or executor of the mortgagee, by whom alone the suit could be brought for the benefit of the assignee to foreclose the mortgage.

*Exceptions overruled.* — *Judgment on the verdict.*

CUTTING, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.